■ Deena Chernoff, Respondent, v. Elias H. Chernoff, Appellant.— Motion by appellant for a stay, pending appeal, denied. Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■ Julian Miller, Appellant, v. Isidore Miller et al., Respondents.— Motion by appellant for a limited stay pending appeal from order, denied. On the court's own motion, all proceedings in the action are stayed, pending appeal, on condition that appellant perfect the appeal and be ready to argue or submit it at the November Term, beginning October 22, 1962; appeal ordered on the calendar for said term. The record and appellant's brief must be served and filed on or before October 10, 1962. Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

## (September 28, 1962)

■ Belle R. Stampler, Respondent, v. Abraham Stampler, Appellant.— Motion by appellant to dispense with printing; for a stay of the temporary alimony provisions of order pending the appeal therefrom; for a stay, pending trial of the action, of respondent's motion for an additional counsel fee and expenses to defend the appeal; and for a stay, pending the trial, of respondent's motion to punish appellant for contempt. The motion is granted to the following extent: The appeal will be heard upon the original papers and on the typewritten briefs of both parties; the appellant's brief to set forth the opinion, if any, rendered by the Special Term; and each party to file six copies of his or her typewritten brief and to serve one copy on the other. The several stays sought are granted pending the determination of the *appeal* only, on condition, however: (1) that the appeal be perfected and argued or submitted at the November Term, beginning October 22, 1962 — for which term the appeal is ordered on the calendar; (2) that, within 10 days after entry of the order hereon, appellant shall: (a) pay to respondent $250 on account of the counsel fee which has been awarded and which may be awarded; (b) pay to respondent $40 per week on account of the alimony; (c) pay all the accrued and current maintenance charges and expenses on the house occupied by respondent and owned by them as tenants by the entirety; and (d) file and serve an undertaking for $2,000, with corporate surety, to make all the payments directed by the order appealed from in the event it be affirmed in whole or in part or the appeal be dismissed; and (3) that respondent shall continue to have the exclusive use of the house pending the appeal and until the further order of the court. Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.